IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CONSTANCE MECCA : | |
| 610 Mineral Ave. : | |
| Scranton PA 18509 : | |
| : | CIVIL ACTION NO; |
| Plaintiff : | |
| : | |
| v. : | JURY TRIAL DEMANDED |
| : | |
| CHRISTOPHER DAVIS : | |
| 813 Colfax Ave. : | |
| Scranton, PA 18510 : | |
| : | |
| CITY OF SCRANTON : | |
| 340 N. Washington Ave. : | |
| Scranton, PA 18503 : | |
| : | |
| DAVID ELLIOT, : | |
| CHIEF OF POLICE : | |
| SCRANTON POLICE DEPT. : | |
| 100 S. Washington Ave. : | |
| Scranton, PA 18503 : | |
| : | |
| SCRANTON POLICE DEPT : | |
| 100 S. Washington Ave. : | |
| Scranton, PA 18503 : | |

## **COMPLAINT**

1. This case arises out of 1) constitutional violations, 2) negligence by the City of Scranton, the Scranton Police Department and the Chief of Police of the Scranton Police Department 3) and negligent and/or intentional assaults by officer Christopher Davis on Plaintiff while on duty as a police officer in Scranton,

Pennsylvania, and the failure to investigate complaints about officer Davis and/or discipline him for previous inappropriate conduct.

## Parties

2. Plaintiff, Constance Mecca is, and all times relevant hereto was, a resident of Scranton, Lackawanna County, Pennsylvania.

3. Defendant, Christopher Davis, was a police officer employed by the City of Scranton, Pennsylvania. He is sued both individually and in his official capacity as a member of the Scranton City Police Department.

4. Defendant, City of Scranton, is a first class city of the Commonwealth of Pennsylvania and is responsible for setting forth the policies and operation of the Scranton Police Department.

5. Defendant, David Elliot, was at all times relevant to the events herein, the Chief of Police ("Police Chief") of the Scranton Police Department.

6. Defendant Scranton Police Department is an enforcement agency of the City of Scranton. The mission of the Scranton Police Department is to protect and preserve the lives and property of the citizens of Scranton.

## Jurisdiction and Venue

7. This Action arises out of violations of 42 U.S.C. § 1983. Plaintiff further invokes the supplemental jurisdiction of this Court to hear and decide

claims arising under state law.  This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, 1343 and 1367.

8. Venue is proper in this district because the actions or omissions complained of occurred in this district and some of the defendants reside in this district and all of the defendants are in the Commonwealth of Pennsylvania.

## Factual Background

9. Early on the morning of April 21, 2006, at approximately 2:00 a.m., Connie Mecca was driving home along on N. Main Street in Scranton, Pennsylvania.

10. She noticed a marked police car with its emergency lights activated behind her and immediately pulled over.

11. A single officer, defendant police officer Christopher Davis, armed and in uniform, approached Ms. Mecca's car, requested her driver's license and asked her if she had been drinking, to which she replied affirmatively.

12. Davis asked her to exit her car, but performed no field tests.

13. He then ordered her to return to her car and move it onto a nearby side street.

14. He then ordered her into the back of his patrol car and told her that he was not going to issue any citation, but would drive her to her home, which he did.

15. Ms. Mecca is approximately five feet tall and thin. Defendant Davis was much taller and heavier than Ms. Mecca.

16. Ms. Mecca entered her home and walked into her bedroom where she sat down on her bed. When she looked up, she found defendant Davis standing in front of her.

17. When she asked him what he was doing there, he replied, "I gave you a break on the DUI." He then ordered, "Now you have to suck my d__k."

18. He unbuckled his duty belt, she was too afraid to scream, and he forced himself on her.

19. During the attack, Davis received a radio call, which he answered through the microphone attached to his lapel, and left her house.

20. Two nights later, her bedroom was illuminated by a bright spotlight.

21. Ms. Mecca feared, and continued to fear, that Davis would return to her home to harm her. Ms. Mecca suffered great emotional and physical harm. As a result of these acts she suffered damage such that she lost her job.

22. Ms. Mecca subsequently discussed the incident in an informal conversation with a Pennsylvania state trooper and was contacted shortly thereafter by the state police as part of an investigation into the activities of defendant Davis.

23. Ms. Mecca was not the only victim of defendant Davis.

24. During 2005 and 2006, Davis made unwanted sexual advances on at least three other women in the course of his employment as a police officer, and sexually assaulted at least one of them.

25. Davis was subsequently charged by the District Attorney of Lackawanna County with involuntary deviate sexual intercourse, indecent assault with the consent of another, indecent assault and forcible oppression.

26. On April 27, 2007, Davis pleaded no contest to charges of official oppression and indecent assault.

27. At sentencing it was disclosed that Davis suffered from substance abuse during the period of his employment with the police department. It is believed and therefore averred that the police department knew or should have known of the substance abuse and failed to address it.

28. In September of 2007 another woman filed suit in the United States District Court for the Middle District of Pennsylvania against defendants stemming from incidents in which she alleged that defendant Davis stalked her and sexually assaulted her while on duty as a police officer for the City of Scranton. See case 3:07-cv-01760-ARC.

29. In March of 2007, another Scranton police officer, Mark Conway, was arrested and subsequently pleaded guilty to selling illegal drugs during the course of his employment.

## COUNT ONE
### Federal Constitutional Claims

30. Plaintiff incorporates herein by reference all averments set forth in the preceding paragraphs as though the same were set forth in full herein.

31. On information and belief, prior to April 2006, the City of Scranton developed and maintained policies and customs exhibiting deliberate indifference to the constitutional rights of persons in Scranton, which caused a violation of plaintiff's rights.

32. It is believed, and therefore averred, that it was the policy and/or custom of the City of Scranton and its police department to inadequately and improperly investigate citizen complaints of police misconduct and that acts of misconduct were instead tolerated by the City of Scranton and its police department.

33. It was the policy and/or custom of the City of Scranton Police Department and the Police Chief to inadequately supervise and train its police officers, including defendant Davis, in particular those officers who were known to have engaged in misconduct thereby failing to adequately discourage further constituional violations on the part of its police officers.

34. It was the policy and/or custom of the city of Scranton Police Department and the Police Chief to inadequately monitor and supervise its officers who had a history of substance abuse.

35. The Police Chief did not require appropriate in-service training or re-training of officers who were known to have engaged in police misconduct.

36. These policies and customs demonstrated a deliberate indifference on the part of the City of Scranton and its Police Department to the constitutional rights of persons within the City and were the cause of the violations of plaintiff's rights described in this complaint.

37. It is believed, and therefore averred, that the defendants, City of Scranton, Scranton Police Department, and Chief of Police, David Elliot, were on notice through citizen complaints of inappropriate conduct on the part of defendant Davis but failed to appropriately investigate complaints or appropriately discipline Davis.

38. The actions of defendant Christopher Davis, as set forth above, constituted a deprivation, under color of state law, of rights guaranteed to plaintiff under the Fourth and Fourteenth Amendment to the United States Constitution, pertaining to unreasonable seizure and due process.

39. Defendants were deliberately and/or recklessly indifferent to plaintiff's constitutional rights.

40. Defendant Davis' actions were willful, wanton, outrageous and malicious.

41.     The actions of defendants under color of state law deprived plaintiff of the rights, privileges and immunities under the laws and Constitution of the United States in violation of 42 U.S.C. § 1983.

42.     As a direct and proximate result of these unlawful and unconstitutional practices, plaintiff suffered serious physical pain and suffering, mental anguish, and psychological and emotional distress.

WHEREFORE, plaintiff respectfully requests judgment in her favor pursuant to 42 U.S.C. § 1988 with interest, costs, attorney fees, expert fees, punitive damages except as to the municipality, and other such relief as the Court may award in an amount in excess of $100,000.  Defendants are to be prohibited from continuing to maintain their illegal policy, practice, or custom and are to be ordered to promulgate an effective policy against such practices and to adhere thereto and for such other, different or further relief as the interests of justice or equity may require.

COUNT TWO
Negligence

43.     Plaintiff incorporates herein by reference all averments set forth in the preceding paragraphs as though the same were set forth in full herein.

44.     Defendants had a duty of care to plaintiff.

45.     Defendants breached that duty.

46.     Defendants actions were willful, wanton, outrageous and malicious.

47. Defendants' actions were the proximate cause of plaintiff's injuries.

48. As a result of defendants' negligence plaintiff suffered damages.

WHEREFORE, plaintiff respectfully requests judgment in her favor with interest, costs, attorney fees, expert fees, for punitive or exemplary damages as permitted by applicable law, in an amount believed by the trier of fact to be appropriate to punish defendants for their willful, deliberate, malicious and outrageous conduct, and to deter defendants and other employers from engaging in such misconduct in the future and other such relief as the Court may award in an amount in excess of $100,000.

### COUNT THREE
### Assault

49. Plaintiff incorporates herein by reference all averments set forth in the preceding paragraphs as though the same were set forth in full herein.

50. Defendant Davis intended to put Plaintiff in reasonable and immediate apprehension of a harmful or offensive contact with her body.

51. As a result of Davis' actions, plaintiff was put in reasonable and immediate apprehension of such contact.

52. Davis' conduct was willful, wanton, outrageous and malicious and plaintiff was damaged by that conduct.

WHEREFORE, plaintiff respectfully requests judgment in her favor with interest, costs, attorney fees, expert fees, for punitive or exemplary damages as

permitted by applicable law, in an amount believed by the trier of fact to be appropriate to punish defendants for their willful, deliberate, malicious and outrageous conduct, and to deter defendants and other employers from engaging in such misconduct in the future and other such relief as the Court may award in an amount in excess of $100,000.

## COUNT FOUR
### Battery

53.   Plaintiff incorporates herein by reference all averments set forth in the preceding paragraphs as though the same were set forth in full herein.

54.   Defendant Davis acted with an intent to cause a harmful or offensive contact with plaintiff's body and/or with the intent to put plaintiff in reasonable and immediate apprehension of a harmful or offensive contact with her body.

55.   Defendant Davis' actions resulted in harmful and/or offensive contact with plaintiff's body.  Such conduct was willful, wanton, outrageous and malicious.

56.   Plaintiff was damaged by such conduct.

WHEREFORE, plaintiff respectfully requests judgment in her favor with interest, costs, attorney fees, expert fees, for punitive or exemplary damages as permitted by applicable law, in an amount believed by the trier of fact to be appropriate to punish defendants for their willful, deliberate, malicious and outrageous conduct, and to deter defendants and other employers from engaging in

such misconduct in the future and other such relief as the Court may award in an amount in excess of $100,000.

## COUNT FIVE
### False Imprisonment

57. Plaintiff incorporates herein by reference all averments set forth in the preceding paragraphs as though the same were set forth in full herein.

58. Defendant Davis did unlawfully detain plaintiff. Such conduct by a uniformed police officer carrying a gun into a private home is outrageous, willful, wanton and malicious and plaintiff was harmed thereby.

59. Plaintiff suffered damages as a result of the unlawful detention.

WHEREFORE, plaintiff respectfully requests judgment in her favor with interest, costs, attorney fees, expert fees, for punitive or exemplary damages as permitted by applicable law, in an amount believed by the trier of fact to be appropriate to punish defendants for their willful, deliberate, malicious and outrageous conduct, and to deter defendants and other employers from engaging in such misconduct in the future and other such relief as the Court may award in an amount in excess of $100,000.

## COUNT SIX
### Intentional and/or Negligent Infliction of Emotional Distress

60. Plaintiff incorporates herein by reference all averments set forth in the preceding paragraphs as though the same were set forth in full herein.

61. The actions of defendants were extreme and outrageous.

62. Defendants through their actions did intentionally and/or recklessly, and/or negligently cause plaintiff to suffer emotional distress, which she did suffer.

WHEREFORE, plaintiff respectfully requests judgment in her favor with interest, costs, attorney fees, expert fees, for punitive or exemplary damages as permitted by applicable law, in an amount believed by the trier of fact to be appropriate to punish defendants for their willful, deliberate, malicious and outrageous conduct, and to deter defendants and other employers from engaging in such misconduct in the future and other such relief as the Court may award in an amount in excess of $100,000.

Respectfully submitted,

___s/_____
Lynanne B. Wescott
PA ID #52928
The Wescott Law Firm P.C.
239 South Camac Street
Philadelphia, PA   19107
Phone 215-545-0324
Fax 215-545-0326
Lwescott@wescottlaw.net

___s/_____
Philip D. Lauer
Gregorio W. Paglianite
PA ID ## 07935, 92799
Lauer, Paglianite & Sletvold, P.C.
701 Washington Street
Easton, PA   18042
Phone 610-258-5329

Fax 610-258-0155
Gpaglaw@hotmail.com