**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| CONSTANCE MECCA, | |
| Plaintiff, | NO. 3:08-CV-0716 |
| v. | (JUDGE CAPUTO) |
| CHRISTOPHER DAVIS, CITY OF SCRANTON, DAVID ELLIOTT, Chief of Police Scranton Police Department, and SCRANTON POLICE DEPARTMENT, | |
| Defendants. | |

**MEMORANDUM**

Presently before the Court is Defendants the City of Scranton, the Scranton Police Department, and Chief of Police David Elliott's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).  (Doc. 7.)  Defendants' motion to dismiss will be granted in part and denied in part.  Defendants motion will be granted as to the Scranton Police Department, which will be dismissed from the case because it is not a separate entity from the City of Scranton.  Defendants' motion to dismiss will be denied as to Count One, because Plaintiff has sufficiently alleged a cause of action for failure to train and failure to supervise pursuant to *Monell.*

Jurisdiction exists under section 1331 of Title 28 of the United States Code ("federal question").  The Court has supplemental jurisdiction to hear the related state law claims pursuant to 28 U.S.C. § 1367.

**BACKGROUND**

The facts as alleged in Plaintiff's Complaint are as follows.

Plaintiff Constance Mecca is a resident of Scranton, Lackawanna County, Pennsylvania. (Compl. ¶ 2, Doc. 1.) Defendant Christopher Davis was, at the relevant times, a police officer employed by the City of Scranton, Pennsylvania. (*Id.* ¶ 3.) Defendant David Elliott was, at the relevant times, Chief of Police of the Scranton City Police Department. (*Id.* ¶ 5.) The municipal Defendants are the City of Scranton, Pennsylvania, and the Scranton Police Department. (*Id.* ¶¶ 4, 6.)

Early on the morning of April 21, 2006, at approximately 2:00 a.m., Plaintiff Constance ("Connie") Mecca was driving home along North Main Street in Scranton, Pennsylvania. (*Id.* ¶ 9.) She noticed a marked police car with its emergency lights activated behind her and immediately pulled over. (*Id.* ¶ 10.) A single police officer, Defendant Christopher Davis, armed and in uniform, approached Plaintiff Mecca's car, requested her driver's license, and asked her if she had been drinking. (*Id.* ¶ 11.) She responded affirmatively. (*Id.*) Defendant Davis then asked her to exit her car, but performed no field tests. (*Id.* ¶ 12.) He then ordered Plaintiff Mecca to return to her car and move it to a nearby side street. (*Id.* ¶ 13.) Defendant Davis ordered Plaintiff Mecca into the back of his patrol car, and told her that he was not going to issue a citation, but would drive her home, which he did. (*Id.* ¶ 14.)

Ms. Mecca entered her home and walked into her bedroom, where she sat down on her bed. (*Id.* ¶ 16.) When she looked up, she found Defendant Davis standing in front of her. (*Id.*) When she asked what he was doing there, he replied, "I gave you a

break on the DUI." (*Id.* ¶ 17.)  Defendant Davis then ordered, "Now you have to suck my d**k." (*Id.*)  He unbuckled his duty belt and forced himself on her. (*Id.* ¶ 18.)  Plaintiff Mecca was too afraid to scream. (*Id.*)  Plaintiff Mecca is approximately five (5) feet tall and thin. (*Id.* ¶ 15.)  Defendant Davis is much taller and heavier than Plaintiff Mecca. (*Id.*)  During the attack, Defendant Davis received a radio call, which he answered through the microphone attached to his lapel, and left her house. (*Id.* ¶ 19.)

Two (2) nights later, Plaintiff Mecca's bedroom was illuminated by a bright spotlight. (*Id.* ¶ 20.)  Plaintiff Mecca feared, and continued to fear, that Defendant Davis would return to harm her. (*Id.* ¶ 21.)  Plaintiff Mecca subsequently discussed the incident in an informal conversation with a Pennsylvania State Trooper, and she was contacted shortly thereafter by the state police as part of an investigation into Defendant Davis' activities. (*Id.* ¶ 22.)  Plaintiff Mecca was not the only victim of Defendant Davis. (*Id.* ¶ 23.)  During 2005 and 2006, Defendant Davis made unwanted sexual advances on at least three (3) other women in the course of his employment as a police officer, and sexually assaulted at least one (1) of them. (*Id.* ¶ 24.)

Defendant Davis was subsequently charged by the District Attorney of Lackawanna County with involuntary deviate sexual intercourse, indecent assault with the consent of another, indecent assault, and forcible oppression. (*Id.* ¶ 25.)  On April 27, 2007, Defendant Davis plead no contest to charges of official oppression and indecent assault. (*Id.* ¶ 26.)  At sentencing it was disclosed that Defendant Davis suffered from substance abuse during the period of his employment with the police department. (*Id.* ¶ 27.)  The police knew or should have known of the substance abuse and failed to

address it.  (*Id.*)  In March of 2007, another Scranton Police Officer, Mark Conway, was arrested and subsequently plead guilty to selling illegal drugs during the course of his employment.  (*Id.* ¶ 29.)

Plaintiff Constance Mecca filed her Complaint on April 16, 2008.  (Doc. 1.) Defendants the City of Scranton, the Scranton Police Department, and Chief of Police David Elliott filed the present motion to dismiss on May 15, 2008.  (Doc. 7.)  The motion is fully briefed and ripe for disposition.

## LEGAL STANDARD

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief can be granted.  Dismissal is appropriate only if, accepting as true all the facts alleged in the complaint, Plaintiff has not plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. ----, 127 S.Ct. 1955, 1960, 167 L.Ed.2d 929 (2007), meaning, enough factual allegations "to raise a reasonable expectation that discovery will reveal evidence of" each necessary element. *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008); *see also Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993) (requiring complaint to set forth information from which each element of a claim may be inferred).  In light of Federal Rule of Civil Procedure 8(a)(2), the statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, --- U.S. ----, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007) (per curiam).  "[T]he factual detail in a complaint [must not be] so

undeveloped that it does not provide a defendant the type of notice of claim which is contemplated by Rule 8." *Phillips*, 515 F.3d at 232; *see also Airborne Beepers & Video, Inc. v. AT&T Mobility LLC*, 499 F.3d 663, 667 (7th Cir. 2007).

In deciding a motion to dismiss, the Court should consider the allegations in the complaint, exhibits attached to the complaint and matters of public record. *See Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993), *cert. denied*, 510 U.S. 1042 (1994). The Court may also consider "undisputedly authentic" documents where the plaintiff's claims are based on the documents and the defendant has attached a copy of the document to the motion to dismiss. *Id.* The Court need not assume that the plaintiff can prove facts that were not alleged in the complaint, *see City of Pittsburgh v. West Penn Power Co.*, 147 F.3d 256, 263 (3d Cir. 1998), nor credit a complaint's "bald assertions" or "legal conclusions." *Morse v. Lower Merion Sch. Dist.,* 132 F.3d 902, 906 (3d Cir. 1997).

When considering a Rule 12(b)(6) motion, the Court's role is limited to determining whether the plaintiff is entitled to offer evidence in support of the claims. *See Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974). The Court does not consider whether the plaintiff will ultimately prevail. *See id.* The defendant bears the burden of establishing that the plaintiff's complaint fails to state a claim upon which relief can be granted. *See Gould Elecs. v. United States,* 220 F.3d 169, 178 (3d Cir. 2000).

**DISCUSSION**

   I.   **Scranton Police Department**

Defendants argue that the Scranton Police Departments is not a proper party to this action because it is an agency of the City of Scranton. The Court agrees. Police departments cannot be sued in conjunction with municipalities, as a police department is merely an administrative arm of the local municipality and is not a separate judicial entity. *See Bonenberger v. Plymouth Twp.*, 132 F.3d 20, 26 n. 4 (3d Cir. 1997); *Odom v. Borough of Taylor*, Civ. A. No. 3:05-CV-0341, 2006 WL 3042974, *5 (M.D. Pa. Oct. 24, 2006) (Caputo, J.). Consequently, the Court will grant the motion to dismiss in favor of Defendant Scranton Police Department as to all of Plaintiff's claims.

   II.  **Federal Constitutional Claims**

Defendants City of Scranton and David Elliott first argue that Plaintiff has failed to sufficiently notify them of the specific constitutional claims made against them. In Count One, Plaintiff alleges several claims against the various Defendants. Plaintiff argues that the Complaint is sufficiently clear, and states that the Defendants are on notice of the claims based upon a previous case containing similar allegations. However, the Court will not consider such information in determining its motion to dismiss and will rely upon the Complaint in determining whether a sufficient claim has been alleged.

Plaintiff alleges a *Monell* claim against the municipal defendants, stating that it was the policy or custom of the Scranton Police Department and the Police Chief David Elliott to inadequately supervise and train the officers in the department. (Compl. ¶ 33, Doc. 1.) Plaintiff also alleges that it was the policy or custom of the Department and the Chief to

inadequately monitor and supervise officers with a history of substance abuse.  (*Id*. ¶ 34.) Plaintiff alleges that such a policy or custom constituted deliberate indifference to the constitutional rights of the Plaintiff, as Plaintiff states the municipal Defendants were on notice of the inappropriate conduct by Defendant Christopher Davis.  (*Id.* ¶¶ 36, 37.) Count One also states that Defendant Christopher Davis violated Plaintiff's rights pursuant to the Fourth and Fourteenth Amendments.  (*Id.* ¶ 38.)

In order to prevail in an action for failure to train, a plaintiff must "identify a municipal 'policy' or 'custom' that caused the plaintiff's injury." *Bd. of County Comm'rs of Bryan County v. Brown*, 520 U.S. 397, 403 (1997).  This custom must be "so widespread as to have the force of law." *Id*. at 404.  To survive a motion to dismiss, the plaintiff must further "allege that a 'policy or custom' of [the defendants] was the 'moving force' behind the [constitutional] violation." *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 107 (3d Cir. 2002) (citing *Brown*, 520 U.S. at 404).  The Third Circuit Court of Appeals has held that there is no requirement at the pleading stage for Plaintiff to identify a specific policy to survive a motion to dismiss, because such a requirement would be "unduly harsh" at this early juncture. *Carter v. City of Philadelphia*, 191 F.3d 339, 358 (3d Cir. 1999).

Further, a defendant may be held liable on the basis of failure to train only when "that failure amounts to 'deliberate indifference . . . [of the constitutional] rights of persons. . . .'" *Woloszyn v. County of Lawrence*, 396 F.3d 314, 324 (3d Cir. 2005) (citations omitted).  For a failure to train to amount to deliberate indifference, "it must be shown that (1) municipal policymakers know that employees will confront a particular situation; (2) the situation involves a difficult choice or a history of employees

mishandling; and (3) the wrong choice by an employee will frequently cause deprivation of constitutional rights." *Carter*, 191 F.3d at 357.  This third prong, stated another way, requires a causal nexus, in that the "identified deficiency in [the] training program must be closely related to the ultimate [constitutional] injury." *Woloszyn*, 396 F.3d at 325 (citations omitted).

      Plaintiff Mecca has successfully alleged a failure to train claim in Count One.  First, Plaintiff places Defendants on notice of the constitutional injuries suffered by her - namely the Fourth and Fourteenth Amendments.  Second, Plaintiff alleges that the policy was the moving force behind this violation, as they "fail[ed] to adequately discourage further constitutional violations on the part of its police officers," and that such was the cause of the violations. (Compl. ¶¶ 33, 36, Doc. 1.)  Third, Plaintiff alleges the policies and customs underlying the violations - that they failed to investigate citizen complaints of misconduct, tolerated misconduct, failed to supervise and train their officers, failed to monitor and supervise officers with a history of substance abuse, and failed to train officers with a history of substance abuse.  (*id.* ¶¶ 31-35.)  Finally, the Plaintiff gives notice of deliberate indifference on the part of the Defendants, alleging that the Defendants were on notice of citizen complaints.  (*Id.* ¶ 37.)  Therefore, Defendants' motion to dismiss the failure to train claim against Defendants the City of Scranton and David Elliott will be denied.

      "[T]he standard for personal liability under section 1983 is the same as that for municipal liability."  *Carter v. City of Philadelphia*, 181 F.3d 339, 356 (3d Cir. 1999) (citing *Sample v. Diecks*, 885 F.2d 1099, 1118 (3d Cir.1989)).  "Where . . . the policy in

question concerns a failure to train or supervise municipal employees, liability under section 1983 requires a showing that the failure amounts to 'deliberate indifference' to the rights of persons with whom those employees will come into contact." *Id.* at 356-57 (quoting *City of Canton v. Harris*, 489 U.S. 378, 388 (1989)). In *Carter*, the Third Circuit Court of Appeals considered both failure to train and failure to supervise claims pursuant to *Monell. Id.* As the pleading requirements are essentially the same for failure to train and failure to supervise, Plaintiff has successfully plead a failure to supervise train under the same analysis. Therefore, Defendants' motion to dismiss the failure to supervise claim in Count One will be denied.

## CONCLUSION

For the above reasons, Defendants' motion to dismiss (Doc. 7) will be granted in part and denied in part.

An appropriate Order will follow.


July 1, 2008                                             /s/ A. Richard Caputo
Date                                                     A. Richard Caputo
                                                         United States District Judge

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CONSTANCE MECCA,<br><br>　　Plaintiff,<br><br>　　v.<br><br>CHRISTOPHER DAVIS, CITY OF SCRANTON, DAVID ELLIOTT, Chief of Police Scranton Police Department, and SCRANTON POLICE DEPARTMENT,<br><br>　　Defendants. | NO. 3:08-CV-0716<br><br>(JUDGE CAPUTO) |

## ORDER

**NOW**, this  1st  day of July 2008, **IT IS HEREBY ORDERED** that Defendants City of Scranton, the Scranton Police Department, and David Elliott's motion to dismiss (Doc. 7) is **GRANTED IN PART** and **DENIED IN PART** as follows:

(1) Defendants' motion to dismiss with respect to Defendant Scranton Police Department is **GRANTED**. Defendant the Scranton Police Department is **DISMISSED** from this case.

(2) Defendants' motion to dismiss with respect to Count One is **DENIED**.

　　　　　　　　　　　　　　　　　　　　/s/ A. Richard Caputo
　　　　　　　　　　　　　　　　　　　　A. Richard Caputo
　　　　　　　　　　　　　　　　　　　　United States District Judge